IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| NICHOLAS MARQUEZ, individually and on behalf of all others similarly situated,<br><br>                Plaintiff,<br><br>    v.<br><br>GOOGLE LLC,<br><br>                Defendant. | No. _____<br><br>Honorable _____ |

## NOTICE OF REMOVAL

Pursuant to 28 U.S.C. §§ 1332, 1441, 1446, and 1453, defendant Google LLC ("Google") hereby gives notice of removal of this action from the Circuit Court of Will County, Illinois to the United States District Court for the Northern District of Illinois.

By filing this notice, Google does not concede any allegation, assertion, claim, or demand for relief in the Complaint of plaintiff Nicholas Marquez ("Marquez"), or that any damages exist. Google expressly denies that it has violated the Illinois Biometric Information Privacy Act, 740 ILCS 14/1, *et seq.* ("BIPA"), affirmatively states that it intends to defend this matter vigorously, and reserves all defenses and objections to the allegations, assertions, claims, demands for relief, and supposed damages set forth in the Complaint.

### I.    THE STATE COURT ACTION

On March 23, 2020, Marquez, on behalf of himself and allegedly similarly situated individuals, commenced this action in the Circuit Court of Will County, Illinois under the caption *Nicholas Marquez v. Google LLC*, Case No. 20CH500. *See* Ex. A (Complaint). Counsel for Google accepted service of the Complaint on June 30, 2020, and the parties thereafter agreed

148976981.2

that Google should have until August 28, 2020 to answer or otherwise respond to Marquez's Complaint. *See* Ex. B (agreed order).

Marquez filed a motion for class certification along with the Complaint. *See* Ex. C. That motion was generally entered and continued. *See* Ex. B. No other substantive action has been taken in the Circuit Court.

Marquez seeks relief based on Google's alleged violations of BIPA. In particular, Marquez alleges that Google "systematically and automatically collected, captured, or otherwise obtained" the "'biometric identifiers'" and "'biometric information'" of Marquez and the putative class members and that Google "does not publicly provide a retention schedule or guidelines for permanently destroying the 'biometric identifiers' and 'biometric information'" of Marquez and the putative class members, in violation of BIPA. Ex. A ¶¶ 51-53.

Marquez brings this action as a class action, seeking to represent an alleged class of "[a]ll Google Photos users located in Illinois for whom Google created and stored a face template after May 28, 2015." *Id.* ¶ 41. He specifically alleges that there are "millions of persons" who are members of the proposed class and that "joinder [would be] impractical." *Id.* ¶ 42.

On behalf of himself and each putative class member, Marquez seeks: "statutory damages to [Marquez and each putative class member] of $1,000.00 pursuant to 740 ILCS 14/20(1) for each violation of BIPA committed negligently, and $5,000.00 pursuant to 740 ILCS 14/20(2) for each violation of BIPA committed intentionally or recklessly"; a judicial declaration that "Google's actions . . . violate the BIPA"; "injunctive and other equitable relief as is necessary to protect the interests of [Marquez and each putative class member], including, *inter alia*, an order requiring Google to collect, store, and use biometric identifiers or biometric information in compliance with the BIPA"; "reasonable litigation expenses and attorneys' fees pursuant to

BIPA"; "pre- and post-judgment interest, to the extent allowable"; and "such other and further relief as equity and justice may require." *Id.* at 20 ("Prayer For Relief").

## II. GROUNDS FOR REMOVAL

### A. This Action Is Removable under the Class Action Fairness Act of 2005

"[A]ny civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant . . . ." 28 U.S.C. § 1441(a). This action is removable under § 1441 because this Court has original jurisdiction under the Class Action Fairness Act of 2005 ("CAFA"). *See* 28 U.S.C. § 1332(d); *see also* 28 U.S.C. § 1453(b) (procedure for removing class actions).

Under CAFA, federal district courts have original jurisdiction over any putative class action in which (1) the aggregate number of members in the proposed class is 100 or more; (2) the matter in controversy "exceeds the sum or value of $5,000,000, exclusive of interest and costs"; and (3) the parties are minimally diverse—that is, "any member of a class of plaintiffs is a citizen of a State different from any defendant." 28 U.S.C. § 1332(d)(2), (d)(2)(C); *see also Roppo v. Travelers Com. Ins. Co.*, 869 F.3d 568, 578 (7th Cir. 2017) (requirements for CAFA jurisdiction). Because all of those requirements are met here, and because Google has met all other applicable requirements, this action is removable under CAFA.

### 1. This is a putative class action in which the aggregate number of proposed class members is alleged to be 100 or more.

This is a putative class action under CAFA, which defines "class action" as "any civil action filed under rule 23 of the Federal Rules of Civil Procedure or similar State statute or rule of judicial procedure authorizing an action to be brought by 1 or more representative persons as a class action." 28 U.S.C. § 1332(d)(1)(B). Marquez brings this action under Section 2-801 of the Illinois Code of Civil Procedure, *see* Ex. A ¶ 41, which allows "for the maintenance of a class

action" when the alleged "class is so numerous that joinder of all members is impracticable"; "[t]here are questions of fact or law common to the class, which common questions predominate over any questions affecting only individual members"; "[t]he representative parties will fairly and adequately protect the interest of the class"; and "[t]he class action is an appropriate method for the fair and efficient adjudication of the controversy." 735 ILCS 5/2-801(1)-(4). The requirements for class certification under Section 2-801 parallel those of Federal Rule of Civil Procedure 23. *Compare* 735 ILCS 5/2-801 *with* Fed. R. Civ. P. 23.

Marquez proposes to represent a class of similarly situated individuals who, like him, allegedly used Google Photos. More specifically, Marquez seeks to represent a class defined as "[a]ll Google Photos users located in Illinois for whom Google created and stored a face template after May 28, 2015." Ex. A ¶ 41. Marquez alleges that there are "millions of persons" who are members of that putative class. *Id.* ¶ 42; *see also id.* ¶ 9 (same). Accordingly, while Google does not concede that Marquez's proposed class is certifiable, lawful, or otherwise proper, and while Google expressly reserves the right to raise all arguments and defenses to Marquez's allegations, including Marquez's class certification allegations, the alleged class, as defined by the allegations of Marquez's Complaint, includes well over 100 people. CAFA's first requirement is therefore satisfied.

2.  **The amount in controversy exceeds $5,000,000.**

CAFA requires courts to aggregate the claims of putative class members "to determine whether the matter in controversy exceeds the sum or value of $5,000,000, exclusive of interest and costs." 28 U.S.C. § 1332(d)(6). A court must "determine whether it has jurisdiction by adding up the value of the claim of each person who falls within the . . . proposed class and determine whether the resulting sum exceeds $5 million." *Standard Fire Ins. Co. v. Knowles*,

568 U.S. 588, 592 (2013). The amount in controversy "concerns what the plaintiff is claiming . . . , *not* whether plaintiff is likely to win or be awarded everything he seeks." *Brill v. Countrywide Home Loans, Inc.*, 427 F.3d 446, 449 (7th Cir. 2005) (emphasis added).

Marquez does not allege a specific amount in controversy. As a result, Google need only make "a plausible allegation that the amount in controversy exceeds the jurisdictional threshold." *Dart Cherokee Basin Operating Co. v. Owens*, 574 U.S. 81, 89 (2014).

Here, it is clear that the amount in controversy exceeds the $5,000,000 threshold for removal purposes. BIPA provides for "liquidated damages of $5,000" "for each violation" that is committed "intentionally or recklessly." 740 ILCS 14/20, 14/20(2). Marquez expressly alleges that Google "recklessly or intentionally violated each of BIPA's requirements," Ex. A ¶ 54, and he therefore seeks an award of $5,000 in statutory damages for each of Google's alleged violations of BIPA, *see id*. at 20. Further, Marquez seeks the maximum amount of statutory damages on behalf of himself and each member of the putative class, which Marquez alleges to be "millions" of people, i.e., at least 2,000,000 people. *Id.* ¶ 42. Thus, based on Marquez's request for statutory damages alone, the amount in controversy alleged in the Complaint easily exceeds $5,000,000. CAFA's second requirement is therefore satisfied. *See Appert v. Morgan Stanley Dean Witter, Inc.*, 673 F.3d 609, 617-18 (7th Cir. 2012) ("Morgan Stanley has provided a good-faith estimate that plausibly explains how the stakes exceed $5 million. That is sufficient."); *Blomberg v. Serv. Corp. Int'l.*, 639 F.3d 761, 764 (7th Cir. 2011) ("Once the proponent of federal jurisdiction has explained plausibly how the stakes exceed $5,000,000 . . . the case belongs in federal court unless it is legally impossible for the plaintiff to recover that much.").

### 3. The parties are minimally diverse.

Marquez alleges that he is a "resident and citizen" of Illinois. Ex. A ¶ 7. Marquez further alleges that Google is incorporated in Delaware and headquartered in California, *see id.* ¶ 8, and that Google is therefore a citizen of those states, *see* 28 U.S.C. § 1332(c)(1). Thus, "any member of [the class] of plaintiffs is a citizen of a State different from any defendant," 28 U.S.C. § 1332(d)(2)(A), and CAFA's third and final requirement is satisfied.

### 4. None of CAFA's exceptions bar removal.

This action does not fall within the exceptions to removal jurisdiction under CAFA. Section 1332(d)(4) requires a federal court to decline jurisdiction over a class action when, among other things, "greater than two-thirds of the members of all proposed plaintiff classes in the aggregate are citizens of the State in which the action was originally filed," and at least one defendant whose "alleged conduct forms a significant basis for the claims asserted by the proposed class . . . is a citizen of the State in which the action was originally filed." 28 U.S.C. § 1332(d)(4)(A); *see also* 28 U.S.C. § 1332(d)(4)(B) (similarly excluding cases where "two thirds or more of" the class members and "the primary defendants . . . are citizens of the State in which the action was originally filed"). Section 1332(d)(4) does not apply here because Google is not a citizen of Illinois, where the action was originally filed. Likewise, the discretionary exemptions in Section 1332(d)(3) apply only where "the primary defendants are citizens of the State in which the action was originally filed." 28 U.S.C. § 1332(d)(3); *see also Roppo*, 869 F.3d at 585 (local controversy and discretionary CAFA exceptions do not apply when primary defendant is not citizen of state in which action was filed).

Sections 1332(d)(9) and 1453(d) exempt certain securities and corporate-governance cases from CAFA's broad jurisdictional grant. *See* 28 U.S.C. §§ 1332(d)(9), 1453(d). They are

inapplicable here because Marquez's claims do not arise under the Securities Act of 1933 or the Securities Exchange Act of 1934 and do not involve state-centric corporate governance issues.

### B. Venue and Intra-District Assignment Are Proper

The Northern District of Illinois, Eastern Division is the proper venue and intra-district assignment for this action upon removal because this "district and division embrac[e]" the Circuit Court of Will County, Illinois, where the Complaint was filed. *See* 28 U.S.C. § 1441(a).

### C. Google Has Satisfied All Other Requirements

Google timely filed this Notice of Removal. Google was served by agreement on June 30, 2020. *See* Ex. B. Google subsequently filed and served this Notice of Removal within 30 days of said service, as required by 28 U.S.C. § 1446(b).

Further, as required by 28 U.S.C. § 1446(a), Google has filed with this Notice of Removal true and correct copies of all process, pleadings, and orders served upon Google in the state-court action. *See* Ex. A-C. A true and correct copy of the state court docket is attached as Exhibit D.

Finally, Google will promptly serve on Marquez and file with the Circuit Court a "Notice of Removal to Federal Court." Google will also file with this Court a "Certificate of Service of Notice to Adverse Party of Removal to Federal Court." 28 U.S.C. § 1446(d); *see also* Fed. R. Civ. P. 5(d).

### III. RESERVATION OF RIGHTS AND DEFENSES

Google expressly reserves all of its defenses and rights, and none of the foregoing shall be construed as in any way conceding the truth of any of Marquez's allegations or waiving any of Google's defenses. Google also reserves its right to amend or supplement this Notice of Removal.

## IV. CONCLUSION

For the foregoing reasons, Google respectfully requests that this Court exercise jurisdiction over this action and enter orders and grant relief as may be necessary to secure removal and to prevent further proceedings in this matter in the Circuit Court of Will County, Illinois. Google further requests whatever other relief the Court deems appropriate.

**Respectfully submitted,**

By: /s/ Kathleen A. Stetsko

Kathleen A. Stetsko
**PERKINS COIE LLP**
131 S. Dearborn Street # 1700
Telephone: 312.324.8400
Fax: 312.324.9400
Email: KStetsko@perkinscoie.com

Susan Fahringer
(*pro hac vice* application forthcoming)
Ryan Spear
(*pro hac vice* application forthcoming)
Nicola C. Menaldo
(*pro hac vice* application forthcoming)
**PERKINS COIE LLP**
1201 Third Avenue, Suite 4900
Seattle, WA 98101-3099
Telephone: 206.359.8000
Fax: 206.359.9000
Email: SFahringer@perkinscoie.com
Email: RSpear@perkinscoie.com
Email: NMenaldo@perkinscoie.com

Sunita Bali
(*pro hac vice* application forthcoming)
**PERKINS COIE LLP**
505 Howard St.
Suite 100
San Francisco, CA 94015-3204
Telephone: 415.344.7000
Fax: 206.359.9000
Email: SBali@perkinscoie.com

Attorneys for defendant Google LLC.

## **CERTIFICATE OF SERVICE**

I, Kathleen A. Stetsko, certify that on July 28, 2020, I electronically filed the foregoing **NOTICE OF REMOVAL** with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to all attorneys of record.

On this date I further caused to be served on each of the attorneys identified below, via the delivery methods indicated below, a copy of the foregoing document:

| | |
|---|---|
| David C. Nelson<br>Nelson & Nelson, Attorneys at Law, P.C.<br>420 N. High Street<br>PO Box Y<br>Belleville IL 62222<br>Tel: (618) 277-4000<br>Email: dnelson@nelsonlawpc.com | **X**   Via the Clerk's eFiling Application<br>___   Via U.S. Mail, 1st Class<br>___   Via Overnight Delivery<br>___   Via Facsimile<br>**X**   Via Email<br>___   Other: _____ |

Frank S. Hedin
David W. Hall
HEDIN HALL LLP
1395 Brickell Avenue, Ste 1140
Miami, Florida 33131
Tel: (305) 357-2107
E-mail: fhedin@hedinhall.com
E-mail: dhall@hedinhall.com

Joseph I. Marchese
Philip L. Fraietta
BURSOR & FISHER, P.A.
888 Seventh A venue
New York, NY 10019
Tel: (646) 837-7150
E-Mail: jmarchese@bursor.com
E-Mail: pfraietta@bursor.com

*Attorneys for plaintiff Nicholas Marquez*

I certify under penalty of perjury that the foregoing is true and correct.

By: /s/ Kathleen A. Stetsko