**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS**

| | | |
|---|---|---|
| NICHOLAS MARQUEZ, individually and on behalf of all others similarly situated, | ) ) ) ) ) ) ) ) ) ) ) ) | Case No.: 1:20-cv-4454 <br><br> Judge: Hon. Virginia Kendall <br> Magistrate: Hon. M. David Weisman |
| Plaintiff, | | |
| v. | | |
| GOOGLE, LLC. | | |
| Defendant. | | |

## PLAINTIFF'S MOTION FOR REMAND AND MEMORANDUM IN SUPPORT

### INTRODUCTION

In this action, Plaintiff Nicholas Marquez alleges that Defendant Google LLC ("Google") violated the Illinois Biometric Information Privacy Act, 740 ILCS 14/1, *et seq.* ("BIPA"). More specifically, Plaintiff alleges Google violated BIPA § 15(b) by "collecting, storing and using biometric identifiers and information from photographs in Illinois without the requisite informed written consent"; and § 15(a) by "fail[ing] to provide a publicly available written policy regarding its schedule and guidelines for the retention and permanent destruction of individuals' biometrics." Compl. ¶ 16.

Google removed this action from the Circuit Court of Will County, Illinois, on July 29, 2020. However, under controlling Seventh Circuit precedent, this Court lacks subject matter jurisdiction over Plaintiff's claim under BIPA § 15(a). *See Bryant v. Compass Group USA, Inc.*, 958 F.3d 617, 626 (7th Cir. 2020). Accordingly, that claim must be severed and remanded to state court.

1

**ARGUMENT**

Before a federal court can adjudicate the merits of a case, it must satisfy itself that it has jurisdiction over the claims and parties that appear before it. *Ruhrgas AG v. Marathon Oil Co.*, 526 U.S. 574, 577, 119 S.Ct. 1563, 143 L.Ed.2d 760 (1999). A federal court has subject matter jurisdiction only if the plaintiff has Article III standing. *MAO-MSO Recovery II, LLC v. State Farm Mut. Auto. Ins. Co.*, 935 F.3d 573, 581 (7th Cir. 2019).

*Bryant* concerned an appeal from this Court's decision to remand another BIPA case. The Seventh Circuit reversed remand of the BIPA claims for lack of Article III standing in that case, with the exception of Bryant's claims under BIPA §15(a) "requiring development of a 'written policy, made available to the public, establishing a retention schedule and guidelines for permanently destroying biometric identifiers and biometric information,' not under the provision requiring compliance with the established retention schedule and destruction guidelines." *Id.* at 626 (as amended).

Marquez advances the same type of § 15(a) violation in this case as did the plaintiff in *Bryant*. *See* Compl. ¶ 16 ("Google's failure to provide a publicly available written policy regarding its schedule and guidelines for the retention and permanent destruction of individuals' biometrics . . . violates § 15(a) of the BIPA"); *id.* ¶ 26 ("In direct violation of § 15(a) of the BIPA, Google does not have written, publicly available policies identifying their retention schedules, or guidelines for permanently destroying biometric identifiers or information."); *id.* ¶ 53 ("Google does not publicly provide a retention schedule or guidelines for permanently destroying the 'biometric identifiers' and 'biometric information' of Plaintiff or the Class members, as required by the BIPA. *See* 740 ILCS 14/15(a).").

In *Figueroa v. Kronos Inc.*, No. 19 C 1306, 2020 WL 4273995 (N.D. Ill. July 24, 2020), the court raised subject matter jurisdiction over a similar BIPA § 15(a) claim *sua sponte* and, after the parties briefed the issue, applied *Bryant* to hold that, while the court had subject matter jurisdiction over plaintiff's § 15(b) claim, it lacked jurisdiction over the § 15(a) claim. Accordingly, the *Figueroa* court "severed [that §15(a) claim] under Civil Rule 21 from the rest of the suit and remanded [it] to state court," retaining the rest of the action. *Id*. at *5; *see also* Fed. R. Civ. P. 21 ("The court may . . . sever any claim against a party.").

Similarly, in *Stauffer v. Innovative Heights Fairview Heights, LLC*, No. 3:20-CV-00046-MAB, 2020 WL 4815960 (S.D. Ill. Aug. 19, 2020), the district court applied *Bryant* to sever plaintiff's BIPA § 15(a) claim from her § 15 (b) claim, and remanded the § 15(a) claim to state court. *See id.* at *8.

## CONCLUSION

As in *Bryant*, *Figueroa*, and *Stauffer*, this Court should sever and remand Plaintiff Marquez's claims under § 15(a) in this case.

Dated: August 28, 2020                 Respectfully submitted,

/s/   *Carl V. Malmstrom*
**WOLF HALDENSTEIN ADLER**
 **FREEMAN & HERZ LLC**
Carl V. Malmstrom
111 W. Jackson Blvd., Suite 1700
Chicago, IL 60604
Tel: (312) 391-5059
malmstrom@whafh.com

*Local Counsel for Plaintiff and the Putative Class*

**HEDIN HALL LLP**
Frank S. Hedin
David W. Hall*
1395 Brickell Avenue, Suite 1140
Miami, Florida 33131

3

Tel: (305) 357-2107
Fax: (305) 200-8801
fhedin@hedinhall.com
dhall@hedinhall.com

**BURSOR & FISHER, P.A.**
Joseph Marchese
Philip L. Fraietta*
888 Seventh Avenue
New York, NY 10019
Tel: (646) 837-7150
Fax: (212) 989-9163
jmarchese@bursor.com
pfraietta@bursor.com

*Pro Hac Vice Application Forthcoming*

***Counsel for Plaintiffs and the Putative Class***

**CERTIFICATE OF SERVICE**

I hereby certify that on August 28, 2020, a true and correct copy of the foregoing document was served by CM/ECF to the parties registered to the Court's CM/ECF system.

/s/*Carl V. Malmstrom*
Carl V. Malmstrom